# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HARRY ANTHONY SCHEINA, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:18-cv-03169-BP-P |
| ) | |
| JAMES SIGMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, who is incarcerated at the Fulton Reception & Diagnostic Correctional Center in Fulton, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983. Plaintiff has moved for leave to proceed *in forma pauperis* without the prepayment of court fees or costs.

### Standard

Pursuant to 28 U.S.C. § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. When determining whether a plaintiff should be allowed to proceed *in forma pauperis*, the Court uses a two-step process. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). *Id.* Second, if the plaintiff does so qualify, the Court considers whether the complaint nonetheless should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *Id*. (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)).

### $350 Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the full $350.00 filing fee in this civil action. *See In re Tyler*, 110 F. 3d 528, 529-30 (8th Cir. 1997) (under Prison Litigation

Reform Act, prisoners are responsible for filing fees the moment a civil action is filed). If granted leave to proceed *in forma pauperis*, Plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and/or through periodic payments from Plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing of a civil action. Having reviewed Plaintiff's inmate account statement, Plaintiff will be required to pay an initial partial filing fee of $0.22 ($6.50 total income ÷ 6 months x 20 %). **If Plaintiff files an amended complaint as set forth below, this Court will require Plaintiff to pay the full $350.00 filing fee in this case by ordering Plaintiff's custodian to deduct periodic payments from Plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b)(2), which will continue <u>regardless of the outcome of this case</u>.**

## Amended Complaint

Having determined that Plaintiff qualifies by economic status to proceed *in forma pauperis*, the Court must now decide whether Plaintiff meets the second prong of the *Martin-Trigona* test: whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). However, due to insufficiencies in Plaintiff's present complaint, Plaintiff must file an amended complaint as set forth below.

To state a claim under § 1983, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*

*v. Iqbal*, 556 U.S.662, 676 (2009). A defendant must have been personally involved in the deprivation of plaintiff's rights to be liable, *Martin v. Sergeant*, 780 F.2d 1334, 1337 (8th Cir. 1985), and pleadings must offer more than labels and conclusions; formulaic recitations of the elements of a cause of action are not sufficient. *Iqbal*, 556 U.S. at 678. A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Here, Plaintiff names the following four defendant in this action: (1) Sheriff James Sigman; (2) Jennifer, Jail Administrator; (3) Dr. Bentley; and (4) Pam Tripp. (Doc. 1). In the complaint, Plaintiff asserts that on June 5, 2017, he "was refused proper medical treatment by staff" for a broken jaw that occurred prior to arriving at he facility, and that "staff refused to transport me to outside medical though Dr. Bently stated that I was in immediate need." *Id.* at p. 3 [sic]. Plaintiff broadly claims that on April 4, 2018, Defendant Sigman "used excessive force" while restraining Plaintiff and rebroke his injured jaw. *Id*.

While *pro se* claims are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), Plaintiff's claims lack the requisite specificity and do not clearly state what cause of action Plaintiff intends to assert against the named Defendant. Plaintiff fails to set forth specific allegations of fact as to each Defendant's personal involvement in Plaintiff's federal claim.

Insofar as Plaintiff alleges Defendants were deliberately indifferent to his medical needs, the Court notes that "[d]eliberate indifference to the serious medical needs of a prisoner

3

constitutes cruel and unusual punishment . . . and the Constitution prohibits state governments from inflicting such punishments." *Merlin v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). However, "[a] prima facie case alleging such deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1118 (8th Cir. 2007) (citation omitted). But "nothing in the Eighth Amendment prevents prison doctors from exercising their independent professional judgment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). Further, Plaintiff is not entitled to relief simply because a different medical professional may have diagnosed him differently. *White v. Farrier*, 846 F.2d 322, 327 (8th Cir. 1988). Moreover, "[p]rison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Merlin*, 86 F.3d at 765. Additionally, "[p]rison officials lacking medical expertise are entitled to rely on the opinions of medical staff regarding inmate diagnosis and the decision of whether to refer the inmate to outside doctors or dentists." *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011). More to the point, "[p]rison officials cannot substitute their judgment for a medical professional's prescription." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir 2002). Finally, the Eighth Circuit has held that "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted).

Additionally, the Court notes Plaintiff attempts to be bring claims against multiple parties that do not arise out of the same transaction or occurrence. This is not allowed.[1]

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims,

Because Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will give him an opportunity to file an amended complaint in this action. ***In so doing, Plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence.*** Plaintiff should only include in his amended complaint those claims that arose out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed. R. Civ. P. 20(a)(2). ***Alternatively, Plaintiff may choose to set forth as many claims he has against a single individual that have some relation to each other.*** *See* Fed. R. Civ. P. 18(a). He may join defendants only if appropriate.

If Plaintiff elects to sue more than one defendant, he will be <u>required</u> to do the following: On a separate piece of paper for each individual or entity Plaintiff wishes to sue (for each defendant), Plaintiff shall (1) write the name of that individual or entity, and (2) explain briefly how that individual or entity may have violated Plaintiff's rights under federal law. In other words, if Plaintiff wishes to sue four defendants, he must submit four pages—one page for each defendant on which he briefly explains how that particular defendant may have violated Plaintiff's rights under federal law.

As such, in an amended complaint, Plaintiff shall set out sufficient facts to show exactly ***who*** is involved in this lawsuit claim and ***what*** each individual defendant ***specifically did or failed to do*** in violation of Plaintiff's federally protected rights. In his amended complaint, Plaintiff shall include all of his allegations against every defendant he is suing and shall provide

---

as many claims, legal, equitable, or maritime, as the party has against an opposing party."
 Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

sufficient allegations as set forth above. Plaintiff shall also explain any injuries he suffered as a result of any defendant's actions. Any claims or defendants not specifically set forth in the amended complaint will be deemed to have been abandoned.

Plaintiff's amended complaint must encompass the allegations from his original complaint with any proposed amendments – *in one complete document*. The proposed amended complaint will be a standalone document, and it may not refer back to the original complaint. Accordingly, the Clerk is directed to send Plaintiff a court-approved legal form. Using the court-approved legal form, and following all instructions on that form, Plaintiff is to file a proposed amended complaint in which he lists all of the defendants he wishes to sue and explains briefly how those defendants may have violated his legal rights. **Plaintiff must do so in compliance with Federal Rules of Civil Procedure 18(a) and 20(a) as set forth herein**.

**If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on <u>a separate complaint form</u> (or forms) and either pay the entire filing fee or file a motion for leave to proceed in forma pauperis for each new case**.

Thus, if Plaintiff wishes to proceed with this case, he must pay the initial partial filing fee and file an amended complaint **on or before July 5, 2018**, in compliance with this order, or this case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b). **If Plaintiff files an amended complaint, the Court will order that the $350 filing fee be paid through automatic deductions from Plaintiff's inmate trust fund account, which will continue <u>regardless of the outcome of the case</u>.**

## Conclusion

Accordingly, it is **ORDERED** that:

(1) Plaintiff is granted provisional leave to proceed *in forma pauperis*;

(2) Plaintiff shall pay to the Clerk of the Court for the Western District of Missouri, Western Division, an initial partial filing fee of $0.22;

(3) the Clerk of the Court is directed to send Plaintiff another set of civil rights forms for his use in filing an amended complaint;

(4) Plaintiff is directed to file a single amended complaint, as specifically discussed above; and

(5) Plaintiff's failure to pay the required initial partial filing fee and amend the complaint as directed, on or before July 5, 2018, will result in the dismissal of this case without further notice.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

Dated: June 20, 2018