# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Harry Anthony Scheira III (full name)
(Register No). #1018855

Plaintiff(s).

v.

James Sigman (Sheriff) (Full name)
Jennifer (Jail Administrator)
Pam Tripp (Jail Staff)
Defendant(s).

Case No. _____

Defendants are sued in their (check one):
___ Individual Capacity
___ Official Capacity
**X** Both

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): F.R.D.C., Fulton, MO

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Harry Anthony Scheira III  Register No. #1018855
   Address F.R.D.C. P.O. Box 190
   Fulton, MO 65251

B. Defendant James Sigman, Jennifer, Pam Tripp
   Is employed as Sheriff, Jail Administrator, Jail Staff

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

III. Do your claims involve medical treatment? Yes  X   No ____

IV. Do you request a jury trial? Yes  X   No ____

V. Do you request money damages? Yes  X   No ____

State the amount claimed? $1,000,000.00 (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes  X   No ____

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure? Yes  X   No ____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes ____   No  X 

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
N/A

D. If you have not filed a grievance, state the reasons.
I was told their was no grievance procedure

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes  X   No ____

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated? Yes  X   No ____

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.
(1) Style: Kerry Anthony Scheihing III #1018855 / James Sigman, et al.,
   (Plaintiff) / (Defendant)
(2) Date filed: 05-29-2018

2

(3) Court where filed: U.S. District Court, Western District of M_

(4) Case Number and citation: 6:18-cv-03169-BP-P

(5) Basic claim made: Excessive Force/Refusal of Medical Treat_

(6) Date of disposition: undisposed

(7) Disposition: Pending
(Pending) (on appeal) (resolved)

(8) If resolved, state whether for: n/a
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

See attached "Statement of Claim" papers.

B. State briefly your legal theory or cite appropriate authority:

Deliberate indifference to the serious medical needs of a prisoner - cruel and unusual punishment - Martin v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 102-03 (1976)) - "Deliberate disregard of medical needs" - Moair v. Greene County Jail Employees, 487 F.3d 1115, 1118 (8th Cir. 2007) (citation omitted) - "Prison officials cannot substitute their judgement for a medical professional's prescription" - Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) - "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct," Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted)

# IX. Statement of Claim
## Section A.

On June 5th, 2017, I entered the Texas County Jail, with a broken jaw and a serious infection from an unrelated event.

I immediately notified Jennifer, (Jail Staff) and Pam Tripp, (Jail administrator) of my injuries as well as the infection, further stating that the hardware holding my jaw together was in a serious state of disrepair and was in fact coming apart.

Diagnosis of the infection and prescription for surgery was made by Dr. Myers of Springfield, MO, earlier that same day. I was in fact on my way home from Dr. Myers' office when I was arrested, while walking, for outstanding warrants, and transported to the Texas County Jail. This was on June 5th, 2017.

As the need for surgery was emergent, as was the dangerous infection, Dr. Myers prescribed me a very strong antibiotic and scheduled me for surgery on June 10, 2017.

While I was being booked into the Texas County Jail, Pam Tripp, (Jail administrator) confiscated my prescription from Dr. Myers, and noted my injuries and condition, stating that it was "cause for minimum security." I was never given the prescribed antibiotic, only whatever the in-house substitute was,

page 2 of 2

The in-house substitute antibiotic was given to me for about a week then abruptly stopped. I did not see the jail's Doctor, (Doctor Bentley) for any reason until about 2 weeks after my arrival in Texas County.

Dr. Bently stated that I was in immediate need of medical attention that could not be provided by the jail's medical staff and would require outside medical intervention.

The jail staff scheduled me another appointment with the jail Doctor (Doctor Bentley), for a mental health evaluation instead.

Jail staff continued to refuse me a soft diet or accomodate my physical inability to eat regular foods

Further, jail staff continually ignored my pleas both written and verbal, for appropriate care and food, and Jennifer went as far as to taunt me and make fun of my condition and injuries.

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
I want 1,000,000.00, after taxes, fees, and/or cost. I want Sheriff Sigman's, Jennifer's and Pam Tripp's resignation, updated jail grievance procedures, improv[ed] training for law enforcement and all medical expense[s]

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. Nathaniel Simmons #286150

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?  Yes ___  No X

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
N/A

C. Have you previously had a lawyer representing you in a civil action in this court?  Yes ___  No X

If your answer is "Yes," state the name and address of the lawyer.
N/A

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this 28 day of JUNE 2018

Harry A Schemo III
Signature(s) of Plaintiff(s) #1018855

4

Harry Anthony Scheina III
#1018855 HU 5-D-145
FRDC, P.O. Box 190
Fulton, MO 65251

This correspondence is from an inmate in the custody of the Missouri Department of Corrections. The Department is not responsible for the content of this correspondence. For information about the Department or to verify information about the offender, please visit our website at www.doc.mo.gov.

MAILED FROM
FULTON RECEPTION AND
DIAGNOSTIC CENTER

RECEIVED
2018 JUL -2 PM 1:01
CLERK U.S. DISTRICT COURT
WESTERN DIST OF MO
KANSAS CITY, MO

Legal Mail

Attention: Paige Wymore-Wynn
Clerk of the Courts
400 East 9th Street, Room 1510
Kansas City, MO

MID-MISSOURI P&DF
MO 652 1 L
29 JUN 2018 PM

64105+1958